## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**AHMED ADEL EID,**

**Petitioner,**

  **vs.**        **Case No. 17-cv-641-DRH**

**DAVID DEVANE,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Ahmed Adel Eid filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), challenging his detention by Immigration and Customs Enforcement (ICE).

Now before the Court is Respondent's Motion to Dismiss Petition as Moot. (Doc. 33). Respondent filed the motion after the Court ordered him to file a status report as to the Petitioner's location and custody status (Doc. 28), because mail from the Clerk of Court to the Petitioner had been returned as undeliverable (Docs. 27, 29). A copy of the motion was mailed to Petitioner at his address of record (the Pulaski County Jail), but as Petitioner is no longer there, no response from him is expected.

## Relevant Facts and Procedural History

The instant Petition was filed on November 15, 2016, in the District Court for the Northern District of Illinois. Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner sought release from ICE custody because he had been detained

1

for more than six months following the issuance of an order of removal. (Doc. 1, pp. 5, 9).

On June 20, 2017, the action was transferred to this Court because Petitioner had been moved to the Pulaski County Jail. (Docs. 20, 21).

## Grounds for Dismissal

Respondent now informs the Court via the instant motion that on June 22, 2017, just after Petitioner's transfer to this District, a travel document was issued for him. (Doc. 33, p. 2; Doc. 33-2, p. 1). On June 28, 2017, Petitioner was released from ICE detention and was removed to Egypt. (Doc. 33, p. 2; Doc. 33-2, p. 2).

## Analysis

A petition under 28 U.S.C. § 2241 is the appropriate vehicle for challenging the length of detention pending removal. *Zadvydas*, 533 U.S. 678, 687-88.

Under 28 U.S.C. § 2241(c), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody." The "in custody" requirement is satisfied if the petitioner was in custody at the time of the filing of the petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Therefore, a detainee who is released while his petition for writ of habeas corpus is pending meets the "in custody" requirement; his release does not necessarily render his petition moot.

However, the petition must still present a "case or controversy" under Article III, § 2 of the Constitution. That is, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be

redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (internal citation omitted).

"The inability to review moot cases stems from the requirement of Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). The Seventh Circuit directs a federal court to "dismiss a case as moot when it cannot give the petitioner any effective relief." *Ibid.* That is the situation here. According to the motion and Supplemental Declaration, Petitioner has been removed to Egypt. Petitioner has thus received the relief sought, *i.e.*, release from ICE custody.

### Disposition

For the foregoing reasons, Respondent's Motion to Dismiss (Doc. 33) is **GRANTED**. This action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court shall enter judgment in accordance with this order.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008);

*Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.11.26
09:28:50 -06'00'

**United States District Judge**